Defendant is charged with the crime of murder, was found guilty as charged, and sentenced to be hanged.
On appeal he has presented seven bills of exceptions for review by this court. *Page 620 
 Bills 1 and 2.
These bills are identical. When defendant was called for trial on January 23, 1930, his counsel moved to withdraw his plea of not guilty, entered on January 10, 1930, and tendered in lieu thereof a plea of insanity at the time of the commission of the homicide.
The state's attorney objected to this plea on the ground that it came too late. This objection was sustained by the judge a quo for the following reasons: "The court was of the opinion that if the defendant intended to rely upon a plea of insanity, the State was entitled to have had that plea tendered on January 10th, when the defendant was arraigned and his case fixed for trial. The court was at the time, and is now, of the opinion that much unnecessary delay to the State would result if those charged with the commission of a crime, after having joined issue with the assistance of counsel by a plea of not guilty, and after having had the case fixed for trial on that issue, should be permitted to change the issue after the case has been regularly fixed and the day for trial reached."
The indictment charges the defendant with the murder of Mary Ella Watts on May 8, 1929. Defendant was not arraigned until January 10, 1930, at which time he entered a plea of not guilty, and delayed until January 23, 1930, the day fixed for his trial, before he tendered the plea that he was insane at the time the homicide was committed.
It is not pretended in the motion to withdraw the plea of not guilty that counsel for defendant had just discovered his insanity at the time of the homicide, or that the fact of his insanity was not known on January 10, 1930, the date of the arraignment. The trial judge must have concluded, therefore, that counsel for defendant was trifling with the court, and had resorted to the withdrawal *Page 621 
of the plea of not guilty in a mere attempt to obtain a continuance.
It is provided in article 267 of the Code of Criminal Procedure that: "Whenever insanity shall be relied upon either as a defense or as a reason for defendant's not being presently tried, such insanity shall be set up as a separate and special plea and shall be filed, tried and disposed of prior to any trial of the plea of not guilty, and no evidence of insanity shall be admissible upon the trial of the plea of not guilty."
It is also provided in article 265 of the Code of Criminal Procedure that: "The defendant may at any time, with the consent of the court, withdraw his plea of not guilty and then set up some other plea or demur or move to quash the indictment."
In our opinion, articles 265 and 267 must be construed with reference to each other, and the latter article must be interpreted as vesting a sound discretion in the trial judge to determine, under the circumstances of the case, whether a plea of not guilty may be withdrawn and another substituted, even though such plea be insanity as a defense.
We do not approve, however, the broad statement, made in the per curiam to this bill, that the state is entitled to have the plea of insanity made at the time of the arraignment. It may well be that the existence of insanity as a defense was not known to counsel for a defendant at the date of the arraignment, or that the present insanity of a defendant has developed since the arraignment. But, at all events, the plea of insanity, when urged as a defense, must be made timely and in good faith, and should not be entertained by the trial judge if presented for mere delay. *Page 622 
 Bill No. 3.
The jury had retired and returned into court and requested that they be recharged.
Counsel for defendant objected. The objection was overruled by the court for the following reasons stated in the per curiam to this bill: "The court's charge was in writing and at the request of the jury was repeated in whole. The court's charge has not been objected to as improper — but only as having been repeated at the request of the jury. The court is unable to see any prejudicial error in complying with the jury's request to repeat the charge."
The objection to the repetition of the charge to the jury is without the slightest merit. It is expressly provided in article 396 of the Code of Criminal Procedure that: "Should the jury or any member thereof, after having retired to deliberate upon the verdict, wish further instructions, the officer in charge shall bring the jury into court, and the judge shall, in the presence of accused, his counsel, if he have counsel, and the district attorney, further instruct the jury, provided such further instructions may be verbal."
 Bill No. 4.
Defendant filed a motion in arrest of judgment on the grounds that he was not arraigned or permitted to plead as the law provides; that on the day of trial defendant withdrew all former pleas and arraignment, and filed a motion pleading insanity, which was overruled by the court, and defendant was put on trial without being required to make any plea to the indictment.
The minutes of the court below show that defendant was duly arraigned on January 10, 1930, and pleaded not guilty; that on January 23, 1930, defendant filed a plea of insanity, *Page 623 
which was argued and overruled as coming too late; and that a jury was then impaneled and defendant was tried and convicted of murder as charged.
The minutes do not show, as alleged by defendant, that "on the day of trial defendant withdrew all former pleas and arraignment," or that "defendant was put on trial without being required to make any plea to the indictment."
On the contrary, the minutes show clearly that defendant was duly arraigned and pleaded not guilty, and that this plea was not withdrawn by defendant prior to trial before the jury. T. 15, 16.
As the motion in arrest is not based upon any defect patent upon the face of the record, it was properly overruled. Code Crim.Proc. art. 517.
 Bill No. 5.
Defendant reserved this bill to the overruling by the trial judge of a motion for a new trial, in which it is complained that defendant was denied the right to plead insanity, and that the verdict was contrary to the law and the evidence.
We have already disposed of the first ground set forth in the motion. The second ground presents nothing capable of being reviewed by this court. Const. 1921, art. 7, § 10.
 Bill No. 6.
Counsel for defendant states in this bill that the defendant being present in open court and having been sentenced to be hanged, counsel for the state tendered the defendant in open court for examination by a lunacy commission to be appointed by the court to report on the sanity of the defendant, which tender was objected to and bill reserved, and that, contrary to the law, the defendant was subjected to a lunacy commission. *Page 624 
In the per curiam to this bill, it is stated by the trial judge: "The state did suggest the appointment of a sanity commission and counsel for defendant acquiesced in the suggestion, whereupon the court appointed the commission which reported the defendant sane. The court would have granted defendant a trial on the question of his sanity if the report of the commission had raised any doubt whatever of his sanity at the time of the commission of the crime."
The minutes of the lower court show that, immediately after sentence, counsel for defendant filed a motion for a new trial, and thereupon the district attorney tendered the defendant in open court for examination by a lunacy commission, to be appointed by the court, to report upon the sanity of defendant, to which counsel for defendant consented. T. p. 18.
The lunacy commission reported that: "After a complete and thorough mental, physical and neurological examination, and, after considering all evidence presented to us, concerning his history and the commission of the crime, such evidence being obtained from the prisoner himself, members of his family, kinsmen, physician and officials, as well as former employers, we have come to the following conclusion: That Butler Watts is able to appreciate the usual, natural and probable consequence of his acts, and that he was sane at the time of the alleged commission of the crime and is sane at the present time."
No objection was made to the filing of this report by counsel for defendant, and no bill reserved. Defendant, by his express acquiescence, has waived his right to trial of the plea of insanity before a jury, under article 269 of the Code of Criminal Procedure. Defendant should have objected to the appointment of the lunacy commission at the time, and *Page 625 
also to the report filed by the commission, and should have then insisted upon his right to have the plea tried by jury and reserved proper bills of exceptions.
 Bill No. 7.
The report of the lunacy commission was filed on March 12, 1930, and, as shown by the minutes of the lower court, on March 17, 1930, the accused being in open court, the former sentence was vacated on motion of counsel for defendant, and the motion for new trial was argued and overruled. Waiving any further delay, defendant, through counsel, announced ready for sentence and was resentenced to be hanged until he was dead. T. p. 19.
Although the minutes of the court show that counsel for defendant made no objection to the resentencing of the accused, it is stated in the bill reserved that defendant was resentenced a second time to be hanged, over the objection of counsel for defendant demanding that he be tried by a jury as to his sanity.
Having waived trial by jury by acquiescing in the appointment of the lunacy commission to act upon and dispose of the plea of insanity, at the time of the commission of the homicide, and not having objected to the filing of the report, defendant has waited too late to demand a trial of this plea by jury at the time he was resentenced.
It is ordered that the conviction and sentence appealed from be affirmed.
OVERTON, J., concurs in decree.
ROGERS, J., dissents.
O'NIELL, C.J. dissents on the ground that the defendant had the right to have the question of insanity as a defense tried by the *Page 626 
jury as a question of fact on which depended the question of guilt or innocence. Even, according to article 267 of the Code of Criminal Procedure, such a plea may be filed at any time before trial of the plea of not guilty; but the article is clearly unconstitutional as far as it relates to insanity as a defense.
 On Rehearing.