263 So.2d 339

**STATE of Louisiana**

**v.**

**Ivory GEORGE.**

**No. 51522.**

June 5, 1972.

Rehearing Denied June 29, 1972.

———◆———

Palmer & Palmer, Robert E. Palmer, Amite, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Leonard E.

Yokum, Dist. Atty., Joseph H. Simpson, Asst. Dist. Atty., for plaintiff-appellee.

HAMLIN, Justice.

Ivory George, indicted for the murder of his wife, was tried, convicted as charged, and sentenced to death. On this appeal defense counsel have arranged their argument under specifications of error based on bills of exception duly reserved and perfected.

### Specification of Error No. 1.

The minutes of court give the following information: The defendant was arraigned on October 2, 1969, and pleaded not guilty. When the case was called on April 20, 1970, both the State and the defense declared themselves ready for trial. After the jury was selected and sworn, both sides again announced ready for trial, and the State and the defense gave their opening statements. At this time counsel for defendant moved to change the plea of "not guilty" to "not guilty and not guilty by reason of insanity".[1] The judge denied the motion, and the trial proceeded to verdict.

In this court counsel argue that the refusal of the judge to allow the defendant to change his plea was reversible error

[1]. During the argument on the motion the judge stated that the district attorney was just beginning to make his opening statement to the jury when counsel for defendants asked to make the motion. This contradicts the minute entry, but in either circumstance our decision would be the same.

since it deprived the defendant of the opportunity to introduce evidence to establish his insanity at the time of the commission of the crime. The judge's ruling was correct. Code of Criminal Procedure Article 561 provides: "The defendant may withdraw a plea of 'not guilty' and enter a plea of 'not guilty and not guilty by reason of insanity,' within ten days after arraignment. Thereafter, the court may, for good cause shown, allow such a change of plea at any time *before the commencement of the trial."* (Emphasis supplied.) Under this article the change of plea can be made only before trial. According to Article 761, "A jury trial commences when the first prospective juror is called for examination". Obviously the trial had already commenced when the defendant filed the motion to change his plea.

Counsel rely on the case of State v. Taylor, 254 La. 1051, 229 So.2d 95 (1970). There this court reversed a conviction because the trial court denied a request, made "On the day of trial", to permit defendant to change his plea from "not guilty" to "not guilty and not guilty by reason of insanity". Although the opinion of this court states only that the motion was made on "the morning of the trial",

the minutes of the trial court in that case show that the motion was filed before any jurors were called for examination and hence was filed before the "commencement of the trial". That case, then, does not support counsel's position.[2]

Defense counsel argue that the judge should have allowed the change of plea in the instant case because the first witness had not been sworn when the motion was filed and therefore jeopardy had not begun (C.Cr.P. Art. 592). This argument breaks down completely in the face of the positive statements of Articles 561 and 761, quoted above.

The motion filed after the commencement of trial came too late.

*Specification of Error No. 2.*

▬ Under this specification counsel for defendant contend that the arraignment was improper because counsel appointed by the court at arraignment had been admitted to practice less than five years, contrary to the provision of Code of Criminal Procedure Article 512 that "Counsel assigned in a capital case must have been admitted to the bar for at least five years".

On the day of arraignment, October 2, 1969, defendant's retained counsel, Mr.

---

2. In the Taylor case the motion was filed more than 10 days after arraignment, but this court evidently believed that there was "good cause shown" (C.Cr.P. Art. 561) by the defendant for being allowed to change his plea. This court

held that the trial judge had abused his discretion. Whether the defendant in the instant case could have shown good cause for the court to permit the change of plea if his motion had been timely filed is a matter upon which we cannot pass.

Robert Palmer, was in a hospital after surgery. Since the defendant appeared without counsel, the judge assigned counsel (who it later appeared had not been practicing for the requisite five years) to advise the defendant of his legal and constitutional rights. After stating that he had been so advised, the defendant pleaded "not guilty". He also informed the court that he had retained counsel. The court appointed, in addition to the young attorney, another lawyer not present in court. Neither of these assigned attorneys represented the accused in any other proceedings in the case. Mr. Palmer and his brother were counsel for defendant throughout the trial and on this appeal.

Code of Criminal Procedure Article 512, upon which the defendant relies, provides for assignment of counsel in capital cases when the accused appears at arraignment without counsel. Under Article 515 assignment of counsel shall not deprive the defendant of the right to engage other counsel at any stage of the proceedings in substitution of assigned counsel, and the court may appoint other counsel in substitution of or in addition to the lawyer previously assigned or specially assigned to assist the defendant at arraignment. The Comment under Article 515 states: "The last clause of this article, referring to counsel in substitution for counsel 'specially assigned to assist the defendant at the arraignment,' recognizes the frequent prac-

tice of appointing a presently available lawyer to assist a number of defendants in determining the proper plea at the arraignment. Then after the arraignment the court may appoint other counsel to represent the defendants in the trial of their respective cases." Plainly the Code contemplates an assignment at arraignment that may be temporary, as in this case where the accused had his own retained attorney who was not present in court.

Filed in the record is a copy of a letter to defendant's retained counsel, Mr. Robert Palmer, dated October 2, 1969, stating that Judge Comish had asked that Mr. Palmer be informed that Ivory George had been arraigned on that date and pleaded not guilty, and that counsel had until October 8 to file any motions in the matter. The trial began on April 20, 1970. There was ample time in which to change the plea, and under Article 561 there was an absolute right to do so within 10 days of arraignment. So far as the record shows, the question of the accused's sanity did not, at the time of arraignment, enter into the matter. Motions to inquire into his mental condition were filed later (October 10 and October 29). We see no prejudice resulting here from the appointment of the attorney with less than five years' experience.

Counsel argue that the arraignment was defective for the additional reason that according to the minutes of court a

"bill of information" was read to the defendant, who could be charged with this capital offense only by grand jury indictment. The grand jury's report, which is in the record, shows that a true bill was returned against Ivory George for murder, and the indictment itself is in the record. There was no bill of information, the defense admits that an indictment had been brought in by the grand jury, and the defendant was tried upon that indictment. The clerk's use of the wrong term to designate the instrument by which the defendant was charged with murder is an error of no consequence.

### Specification of Error No. 3.

This specification of error is directed at the judge's denial of a motion for new trial. The particular ground of that motion discussed under this heading is that during the proceedings, before the case was presented in its entirety, the sheriff or a deputy told the jury, out of the presence of the defendant, that the brother of one of the jurors had died after the jury was empanelled and was to be buried within a few days. It is argued that this put undue and unnecessary pressure on the jury to cut short its deliberations and to bring in a hasty and improperly considered verdict, and that this was an unauthorized communication with the jury.

3. From this same premise the State argues that the evidence of guilt, much of it testimony by eyewitnesses, was so over-

No testimony on this issue is attached to the bill of exceptions reserved to the overruling of the motion for new trial, and we do not know in what circumstances the jury was told of the death of the juror's brother or what the effect of this information may have been. Counsel for defendant contend that their argument is supported by the brevity of the time (12 minutes) spent by the jury in reaching a verdict.[3] The authorities cited by counsel are inapposite. Without evidence of the circumstances and without a per curiam by the judge we cannot determine that any prejudice resulted from the facts alleged in the motion.

### Bill of Exceptions No. 4.

This bill of exceptions, taken on the second day of the trial, involves the overruling of defendant's objections to the introduction of the alleged murder weapon, a gun, and to certain testimony concerning it and also objection to the judge's refusal, out of the presence of the jury, to allow counsel at this point to file a motion to suppress this evidence as having been unconstitutionally seized. No evidence is attached to this bill of exceptions, and the defense has not briefed or argued the question. The State, however, has presented argument on the matter, and because this is a capital case, we shall note it briefly.

whelming that the jury must have found lengthy deliberation unnecessary.

 The trial judge correctly overruled objections to the introduction of the gun and the testimony relating to it. The unconstitutionality of a search and seizure and the admissibility of evidence seized thereunder is a legal question for the judge alone, properly raised by motion to suppress filed before trial on the merits begins, C.Cr.P. Art. 703(A); and failure to file such a motion is a waiver of the defendant's right to question the admissibility of the evidence on these constitutional grounds by simple objection during trial. State v. Lawrence, 260 La. 169, 255 So.2d 729 (1971), and authorities cited.

In addition, the judge correctly refused to permit defense counsel to file a motion to suppress during the trial. Code of Criminal Procedure Article 703(A) provides that the motion to suppress must be filed no later than three judicial days before the trial on the merits begins "unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion". Defense counsel attempt to justify their failure to file the motion timely by alleging that the assistant district attorney was not available before trial for telephone discussion and by alleging the total amnesia of their client about the murder. The proper and legal means for counsel to obtain the relevant information from the district attorney's office was by motion for a bill of particulars. Counsel did not request a bill of particulars al-

though they had a right to ask for additional information especially since the indictment here was in the short form. It is inconceivable that counsel, knowing that Mrs. George had died of bullet wounds, did not expect the State to use the gun in evidence.

The conviction and sentence are affirmed.