SUMMERS, Justice.
Application of the State was granted to review the ruling of the trial judge at a habeas corpus hearing, in which he set aside the conviction and sentence of Ivory George on the ground that he was insane at the time of the offense, ordering him discharged and held under bond for retrial.
Ivory George was convicted for the June 17, 1969 murder of his wife and sentenced to death. On appeal to this Court the conviction and sentence were affirmed. State v. George, 262 La. 409, 263 So.2d 339 (1972). As a result of an application to the Supreme Court of the United States the death penalty was vacated, and the case was remanded to this Court for further proceedings. 411 U.S. 902, 93 S.Ct. 1532, 36 L.Ed.2d 192 (1973). This Court, in turn, remanded the case to the trial court and ordered George sentenced to life imprisonment. 277 So.2d 633 (La.1973).
While incarcerated in the Louisiana State Penitentiary, George, on June 8, 1973, applied to the District Court in St. Helena Parish for habeas corpus relief. He alleged that, prior to his trial in April 1970 on the murder charge, the trial court ordered an inquiry into his present insanity and his sanity at the time of the commission of the offense. By virtue of this authority he was examined at East Louisiana State Hospital by Dr. James E. Hill, the resident psychiatrist, who filed a written report dated January 5, 1970.
According to that report, George’s behavior indicated no evidence of psychotic thinking mechanism, hallucinations or delusions at that time. Based upon the history he gave to the doctor, at the time of the alleged offense George probably was “delusional and quite paranoid in regards to his *763 wife, thinking that she was out to do him in and either kill him or drive him permanently crazy by putting something in his medication. . . .” The doctor felt that at the time of the alleged offense George was probably overtly psychotic. George’s prior history also disclosed that he had been treated at the Veterans Administration hospital and the Hammond Mental Health Clinic.
In the doctor’s opinion, pressure from George’s large family of fourteen children and his psychoneurotic gastro-intestinal difficulty proved formidable obstacles which his limited ability could not overcome, and he probably had a “psychotic break.” However, the report recommended that George did meet the criteria for triability, and he was returned to stand trial.
This report of the psychiatrist, which George contends would have supported a defense of insanity at the time of the commission of the offense at his April 1970 trial, was not admitted into evidence because an insanity defense was not permissible under a limited plea of not guilty. He alleged that he had been denied the right to change his “not guilty” plea to “not guilty and not guilty by reason of insanity.” The trial judge denied the change of plea on the basis of Article 561 of the Code of Criminal Procedure, defendant having delayed until after the jury was selected to move for the change. Because he was unable to make this insanity defense, George alleged in his habeas corpus application that he was deprived of due process.
The State filed an opposition to the application, alleging that the petition on its face set forth that George was not entitled to be set at liberty. The ground for the opposition was that the issue presented was res judicata, the question of the change of plea having been ruled on in the trial court and approved on appeal.
In the meantime, in reply to an inquiry from defense counsel for clarification of his January 5, 1970 report, Dr. Hill wrote on May 8, 1973, “I feel it would be inappropriate for me to rewrite my report. However, for the record, I am willing to state without reservations that it is and was my opinion that at the time of the alleged offense, Ivory George was psychotic ‘insane’ and therefore did not know right from wrong.”
In an August 7, 1973 hearing on the habeas corpus application the trial judge overruled the opposition, and granted a stay of the habeas proceedings to permit the State to apply for writs of review. - The application to review was denied in this Court on September 14, 1973.
Thereafter, on April 17, 1975, on application of defense counsel alleging that Dr. James E. Hill was ill, the trial judge ordered the taking of Dr. Hill’s deposition to preserve his testimony. The deposition was taken and eventually considered at a hearing on the application for habeas on May 3, 1976 at which time the trial judge granted the writ of habeas corpus ordering George discharged and held under $10,000 bond for retrial. No reasons were assigned for this ruling.
The sole issue considered by the trial judge in granting the writ was the insanity of the defendant at the time of the offense. Aside from the January 5, 1970 report of Dr. Hill and his letter of May 8, 1973, which have heretofore been mentioned, Dr. Hill’s deposition of May 12, 1975 was the only evidence before the judge on the question of defendant’s insanity at the time of the offense.
In his deposition, which this Court has reviewed, Dr. Hill steadfastly adhered to his opinion of January 5, 1970 and its clarification by letter of May 8, 1973 to the effect that defendant was insane and did not know the difference between right and wrong at the time of the offense.
Dr. Hill is a psychiatrist of considerable experience and impressive qualifications in the field of forensic psychiatry. His testimony was sincere and uncontradicted by other experts in the field. While an opinion on this question would be more persuasive if based upon more extensive background information and more thorough examination of the subject, the Court is aware of the limited facilities available to Dr. Hill at *764 the tíme. In the absence of countervailing evidence, Dr. Hill’s opinion must be considered acceptable. The report of January 5, 1970 is prima facie evidence of the facts recited in such report and of the correctness of the findings of the commission. La.Rev. Stat. 15:425; La.Code Crim.Pro. art. 644 (1966).
In this State, and in modern civilized countries throughout the world, an insane person is not punished for conduct otherwise considered criminal. Louisiana’s rule of law regarding insanity is found in Article 14 of the Criminal Code in these words:
“If the circumstances indicate that because of a mental disease or mental defect the offender was incapable of distinguishing between right and wrong with reference to the conduct in question, the offender shall be exempt from criminal responsibility.”
Considering this record and the law of this State, there is no error in the ruling of the trial judge.
For the reasons assigned, the judgment of the trial court is affirmed.