341 So.2d 876 (1977)
STATE of Louisiana
v.
Lionel DELPIT.
No. 58554.
Supreme Court of Louisiana.
January 24, 1977.
*877 Edward Albert Armstrong, Jr., Metairie, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Lionel Delpit was charged by bill of information with the crime of armed robbery in violation of La.R.S. 14:64. A plea of not guilty was entered at arraignment on May 1, 1975. When the matter was called for trial on November 6, 1975, Delpit sought to withdraw the plea of "not guilty" and enter a plea of "not guilty and not guilty by reason of insanity," relying on documents which were received in evidence. The trial judge denied defendant the right to change his plea, and the matter proceeded to trial by jury. Defendant was found guilty as charged and sentenced to serve fifteen years at hard labor. While defendant designated two errors to be urged on appeal in his assignment of errors filed in the trial court, he specifically abandons one of these errors in his brief to this court and relies on the other assigned error for reversal of his conviction and sentence.
Defendant contends that the trial judge erred in denying his request to withdraw his plea of "not guilty" and enter a plea of "not guilty and not guilty by reason of insanity" on the morning of trial. Defendant argues that the documents received in evidence at this time showed "good cause"; therefore, the trial judge abused his discretion in not allowing such a change of plea under article 561 of the Code of Criminal Procedure.
The context facts are as follows. Lionel Delpit (defendant herein) and one Michael Dolliole were charged jointly in the same information with the crime of armed robbery. Both defendants pleaded not guilty at arraignment. Each was represented by separate defense counsel. On the morning of trial but before selection of the jury, Delpit sought permission to change his former plea of not guilty to a combined plea of not guilty and not guilty for reason of insanity. In support of this motion, Delpit filed the following documents in evidence: a report from the Orleans Clinics of Psychology which states that defendant (age seventeen) is functioning in the lower end of the borderline mental retardation range of intelligence with an IQ of 74; a letter from the director of the Urban League of Greater New Orleans (Street Academy) in which it is stated that, based upon psychological tests and personal observations, Delpit is considered to be mentally retarded; it further provides that Delpit's low mentality limits his ability to make rational everyday decisions and to determine "right or wrong" in certain situations; a report of a former teacher of Delpit recites that Delpit was classified as "Educable Mentally Retarded"; a letter from a former probation officer states that Delpit had a "limited intellectual capacity"; an affidavit of Delpit's mother sets out that her son has been a problem since he was a small child; it further provides that he was "declared incompetent" by the school board, does not seem "to know basically right from wrong," had to be evaluated by the school board before he could *878 enter school, was rejected by the Armed Forces, and attended the psychiatric clinic at Charity Hospital when he was a small child.
Counsel for Delpit also informed the court that defendant was presently undergoing psychiatric treatment at DePaul and that he had written for a report which had not yet been received. At this point, the trial judge proceeded to consider a motion for continuance by counsel for the co-defendant (Dolliole) who informed the court that two days earlier he had been advised by the district attorney that the case would not be tried on the day set; as a consequence, he was "totally unprepared" for trial. Delpit then joined in the request for a continuance in order to give him additional time to secure the psychiatric report from DePaul. He stated that three weeks should give him sufficient time to obtain the report. The district attorney admitted that he had advised counsel for Dolliole two days earlier that the state could not proceed at trial on the date scheduled (November 6); however, the following day the posture of the case changed so that it could be tried. Accordingly, he notified the offices of counsel for both defendants (both attorneys were out of town) to be prepared for trial on the next day. The trial judge first stated:
In order to convenience counsel, but also in order to have them comply with the law on the merits of the motion, I feel that I will grant the motion for a continuance on the totality of the circumstances, particularly do I want to give the defendant, Delpit, an opportunity to establish, if he can, that I should permit the plea of not guilty by reason of insanity to be filed. But that's not the sole basis of it. The other basis is that I cannot lose sight of the fact categorically that two days ago the counsel was informed by the State, categorically, the case would not go to trial today. And I suppose that action should be taken accordingly. I feel that the motion for a continuance is justified, but should be in writing as the code says. I'll require both counsel before the close of the day to put down in a thorough, plenary motion the reasons that you have orally stated. . . .
Witnesses were then called and counsel approached the bench. Counsel for the co-defendant stated that, while he had previously moved for a continuance, he agreed with the court that he had no legal grounds for requesting same. However, counsel stated: "If they should make a motion for a continuance, I would join in that continuance." The prosecutor then stated that some of the state witnesses who were not previously present had now arrived and another was on her way. The state and counsel for co-defendant (Dolliole) then announced ready for trial. When counsel for Delpit was asked as to his position, he stated: "I stand on my original motion, Your Honor, for reasons stated." The court then denied the motion for a continuance and ordered the trial to proceed. The state moved to sever Dolliole and to proceed to trial with Delpit only. Delpit reiterated his request to change his plea. The trial judge overruled the motion and ordered the case to proceed to trial. It is interesting to note that the record reflects that on November 10, 1975 (four days later) the bill of information was nolle prossed as to Michael Dolliole.
La.Code Crim.P. art. 561 provides:
The defendant may withdraw a plea of `not guilty' and enter a plea of `not guilty and not guilty by reason of insanity,' within ten days after arraignment. Thereafter, the court may, for good cause shown, allow such a change of plea at any time before the commencement of the trial.
In State v. Taylor, 254 La. 1051, 229 So.2d 95 (1970), we reversed a conviction on the finding that the trial judge abused his discretion in refusing to allow defendant on the day of trial to change a plea of "not guilty" to a combined plea of "not guilty and not guilty by reason of insanity." We concluded that the coroner's testimony that defendant was a schizophrenic supported by the factual testimony of the sheriff taken at a previous hearing on a motion for appointment of a sanity commission to determine *879 defendant's mental capacity to proceed and defense counsel's offer to produce the testimony of an inmate confined in jail with defendant to the same effect was a sufficient showing of "good cause" under article 561 to have required the trial judge to allow such a change of plea on the day of trial. we made this finding despite the fact that the trial judge had previously ruled that defendant was sane and mentally capable of assisting in his defense based upon a report of the sanity commission (consisting of three psychiatrists) to the same effect. In State v. George, 262 La. 409, 263 So.2d 339 (1972),[1] defendant did not seek to change his plea from "not guilty" to a combined plea of "not guilty and not guilty by reason of insanity" until after the jury was selected and sworn and both the state and defense had made their opening statements. We held that the trial had already commenced; therefore, the motion was not timely made under La.Code Crim.P. art. 561. We pointed out that in Taylor, the motion to change the plea was filed before the commencement of the trial. Hence, we did not pass upon the merits of whether defendant could have shown good cause for the court to permit the change of plea.
In the instant case, defendant sought to change his plea prior to commencement of trial. We are also satisfied that the documents filed in evidence, together with defense counsel's assertion that defendant was presently undergoing psychiatric treatment at DePaul and that he had written for a report which he had not yet received, constituted a sufficient showing of "good cause" under article 561 of the Code of Criminal Procedure to have required the trial judge to permit defendant to withdraw his former plea of "not guilty" and enter a combined plea of "not guilty and not guilty by reason of insanity." Moreover, there is no indication that defendant sought the change of plea as a dilatory tactic. We are also impressed by the fact that the trial judge at first seemed prepared to grant Delpit additional time to establish good cause to change his plea and then under circumstances and for reasons unrelated to the merits of Delpit's request, refused to permit him to change his plea and ordered the trial to proceed immediately.
Under the facts and circumstances here presented, we consider that the trial judge was in error and clearly abused his discretion in not permitting defendant to change his plea. As a consequence, defendant was denied the right to present evidence of insanity or mental defect at the time of the offense. La.Code Crim.P. art. 651. Accordingly, a new trial must be granted.

DECREE
For the reasons assigned, the conviction and sentence are annulled and the case is remanded to the district court for a new trial.
NOTES
[1] United States Supreme Court vacated the judgment insofar as it left undisturbed the death penalty imposed and remanded to this court for further proceedings. 411 U.S. 902, 93 S.Ct. 1532, 36 L.Ed.2d 192 (1973). On remand, the death sentence was annulled and the case was remanded for resentencing. 277 So.2d 633 (La.1973).