564 So.2d 783 (1990)
STATE of Louisiana, Appellee,
v.
Larry D. MERCER, Appellant.
No. 21540-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1990.
*785 Hunter, Scott, Blue, Johnson & Ross, Monroe by Louis G. Scott, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., C. Mark Donahoe, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, SEXTON and LINDSAY, JJ.
MARVIN, Judge.
In this appeal of his conviction of First Degree Armed Robbery, Mercer contends that the trial court abused its discretion in not allowing him to change his plea to not guilty and not guilty by reason of insanity. CCrP Art. 561.
Agreeing, we reverse, render, and remand for further proceedings.
A defendant in Louisiana is allowed 10 days after arraignment to change his plea from not guilty to not guilty by reason of insanity. After the 10-day period, the court may, for good cause shown, allow such a change of plea at any time before commencement of the trial. CCrP Art. 561. This rule was adopted to preclude a belated urging of the insanity plea as a dilatory tactic. Revision Comment, Art. 561. The issue on appeal is whether the court abused its discretion.
The insanity plea questions whether defendant, as a result of a mental disease or defect, was incapable of distinguishing between right and wrong at the time of the criminal offense in question. LRS 14:14; CCrP Arts. 650 et seq. A defendant's state of mind after his arrest is not a plea to an indictment or bill of information, but relates solely to his capacity to assist his counsel and to proceed, with understanding, through the criminal process. See CCrP Art. 641 et seq.
When the change in plea is sought after the 10-day period, defendant must show good cause for seeking the change and thus negate the implication that the change is sought for the purpose of delaying his trial. State v. Watts, 171 La. 618, 131 So. 729 (1930); State v. Delpit, 341 So.2d 876 (La.1977).
Defendant's evidence on a motion for a change of plea need not preponderate so as to establish the insanity defense, but must suggest some evidentiary basis for the plea. Good cause is simply an indication of some evidentiary basis for the insanity plea and is something less than a preponderance of the evidence. The "indicia" of an evidentiary basis for the change of plea, or "good cause," is not shown simply by the testimony of an assistant jailer that defendant was verbally abusive toward another jail inmate. State v. Sampson, 480 So.2d 952, 954 (La.App. 2d Cir.1985). Good cause also is not shown simply by a defendant's testimony that he was a "heavy drinker." State v. Baldwin, 388 So.2d 664, 670 (La.1980), U.S. cert. denied.
Defendant's burden of showing good cause for a change of plea logically increases each day that his trial date nears. See State v. George, 262 La. 409, 263 So.2d 339, 340-341 (La.1972), vacated on other grounds, 411 U.S. 902, 93 S.Ct. 1532, 36 L.Ed.2d 192 (1973); compare State v. Clark, 305 So.2d 457, 462-463 (La.1974). Defendant's motion to change his plea after trial commences will be denied as untimely. State v. Fisher, 380 So.2d 1340, 1345 (La.1980).
Here, defendant pleaded not guilty on September 14, 1988, with appointed counsel, at which time hearing dates for pre-trial motions (November 2) and for trial (December 12) were set by the trial court. After a preliminary hearing was held and when bail reduction was denied on November 2, defendant orally moved to change his plea. This was 40 days before the December 12 trial date. There is no suggestion that defendant's motion for a change of plea was frivolous or dilatory.
*786 On joint motion on December 12, the trial was reset for January 16, 1989, and was then reset for January 30. The trial date was thereafter reset for, and trial was eventually held on, February 27 by the court, jury trial having been earlier waived by defendant.
On December 19, 1988, defendant followed his oral motion for a change of plea by filing a written motion. A hearing on defendant's motion was initially set for January 11, 1989, and later reset for January 19.
Defendant's transcribed confession was filed by the State on January 11 in response to discovery motions. In the confession defendant stated that he had been prescribed Lithium and Projentin which he had been taking for some time for his "nerves." He implied that he may have committed the robbery because he had not been taking his medication at the time.
In its per curiam response to defendant's assignment, the trial court noted that the supervisor of nurses for the Sheriff's Department testified at the hearing on January 19 that he had regularly administered to defendant prescription drugs, including "Lithium, a known anti-depressant frequently used to treat manic-depressive behavior, and Prolixin." The court also mentioned that defendant's family related defendant's "history of ... various commitments to Central State Hospital ... [and that defendant] suffered from some type of grandiose delusion ..." The trial court also mentioned that defendant attached to his motion for a change of plea "several discharge summaries" from the hospital about defendant's confinements, the latest of which was more than "three years prior" to the robbery and which showed defendant to have an "anti-social personality." Defendant did not present psychiatric testimony at the January 19 hearing.
The trial court concluded, "after considering the medical records and the lay testimony... [and] defendant's demeanor ..., that defendant failed to establish good cause [for a] ... change of plea ..."
The trial court observed that defendant, while testifying at the hearing on his motion for a change of plea, appeared merely to be "slow rather than under any type of incapacities so as to render him incapable of distinguishing right from wrong." We need not agree or disagree with that observation about defendant's capacity at the time he was testifying on the motion for a change of plea. The ultimate issue is defendant's capacity at the time he committed the offense. If a defendant is tried solely on the plea of not guilty, evidence of insanity is not admissible. CCrP Art. 651.
At the hearing of a motion for a change of plea the issue is not whether defendant can prove the insanity defense by a preponderance of the evidence at the trial. CCrP Art. 652. Where the "indicia" of an evidentiary basis, or good cause, for the change of plea is lacking, as in Sampson, supra, and in Baldwin, supra, the trial court does not abuse its discretion in denying the motion for the change. Where the "indicia" is greater, however, a trial court may be found to have abused its discretion by denying the motion for a change of plea.
Good cause warranting a change of plea should have been found, even on the trial date, where medical reports indicated "borderline" mental retardation that limited a defendant's ability to "determine right from wrong," and an affidavit by defendant's mother stated that he was "presently undergoing psychiatric treatment." The trial court was held to have abused its discretion and defendant's conviction was reversed. State v. Delpit, supra.
Similarly, the trial court was found to have abused its discretion in State v. Taylor, 229 So.2d 95 (La.1970). Good cause warranting a change of plea should have been found, even on the trial date, where the testimony indicated that defendant "talked to God" and the coroner thought defendant was schizophrenic. Taylor, supra. Under the circumstances, the State's efforts in this appeal to factually distinguish Delpit and Taylor do not persuade us to affirm the trial court's denial of defendant's motion to change his plea.
*787 State v. Sampson, supra, and State v. Whiticar, 487 So.2d 514 (La.App. 4th Cir. 1986), cited by the trial court, are not authority to the contrary. Compare State v. Saddler, 549 So.2d 1236 (La.1989).
A trial court's discretion to grant or deny a defendant's motion to change his plea before trial is not unbridled simply because the motion is filed more than 10 days after arraignment. See Art. 561 and cases cited and discussed supra. Each case must be decided on its own circumstances. On this record, we must find that defendant showed good cause to warrant a change of plea and that the trial court abused its discretion in denying defendant's motion.

DECREE
We need not address defendant's other assignments of error. Defendant's conviction is set aside. His motion to be allowed to change his plea to not guilty and not guilty by reason of insanity is granted and the case is remanded to the trial court for further proceedings.
REVERSED, RENDERED, and REMANDED.