*949 WRIT GRANTED; STAY LIFTED*
hThe court of appeal correctly ruled that defendant may introduce evidence of mental retardation, defect, and/or diminished capacity at the guilt stage of trial as part of the circumstances surrounding the making of a confession for jurors to consider in determining the weight or probative value given the statement. La.C.Cr.P. art. 708(G); see Crane v. Kentucky, 476 U.S. 683, 689, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986)(“[R]egardless of whether the defendant marshaled the same evidence earlier in support of an unsuccessful motion to suppress, and entirely independent of any question of voluntariness, a defendant’s case may stand or fall on his ability to convince the jury that the manner in which the confession was obtained casts doubts on its credibility.”).
However, the court of appeal erred in requiring the trial court to give the jury a limiting instruction that it is not to consider this evidence as having any bearing on the defendant’s mental capacity at the time of the offense. Defendant has entered a dual plea of not guilty and not guilty by reason of insanity and may |2present evidence that he is mentally retarded so as to attempt to establish as a result of a mental disease or defect he was incapable of distinguishing between right and wrong at the time of the offense. LSA-R.S.14:14; see State v. Delpit, 341 So.2d 876, 877 (La.1977)(reversing conviction for armed robbery on grounds that trial court erred in denying defendant’s motion to change his plea from not guilty to a dual insanity plea on the basis of evidence that he was classified as borderline mentally retarded and that his low mentality impaired his ability to make rational everyday decisions “and to determine ‘right or wrong’ in certain situations”); cf. State v. Brown, 414 So.2d 689, 695 (La.1982)(testimony offered by the defendant at trial in connection with his dual insanity plea “established to a certainty” that he was mildly retarded but failed to carry his burden by a preponderance of the evidence that he was unable to distinguish between right and wrong at the time of the offense). The provisions of La. C.Cr.P. art. 905.5.1, governing the determination of mental retardation during the sentencing phase of a capital trial, relate solely to the question of whether, assuming that he was sane at the time of the offense and therefore morally culpable for his act as determined by a jury during the guilt phase, a defendant is nevertheless exempt from capital punishment because he is mentally retarded. Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).
JOHNSON, J., concurs in the result.

 Kimball, C.J. not participating in the decision.