CONERY, J.,
dissents and assigns reasons.
hi respectfully dissent on the issue of the defendant’s Motion to Amend Plea of Not Guilty to Not Guilty and Not Guilty by Reason of Insanity (Motion to Amend). I would reverse the conviction and sentence, order the trial court to allow the defendant to amend his plea, and remand for a new trial.
The record shows that the defendant does have serious psychiatric problems, in- *239 eluding a diagnosis of paranoid schizophrenia with hospitalizations, prescribed medication and continued treatment for that mental illness. The trial court had ordered a sanity commission empaneled for the purpose of determining capacity to stand trial. The experts appointed to the sanity commission filed their reports, which were admitted into evidence at the hearing on the Motion to Amend. Both doctors concluded that in spite of defendant’s serious mental health problems, he was competent to stand trial. A few months later, counsel for defendant filed the Motion to Amend and at the hearing on the Motion, defense counsel pointed out that the sanity commission had been empaneled for the purpose of determining capacity to proceed to trial and not the issue of insanity at the time of the commission of the crime. While the issue of competency at the time of | ?commission of the crime was mentioned in the report- of the sanity commission, counsel had no opportunity to cross examine the doctors or call witnesses on this important issue. In effect, denying the Motion to Amend would prevent counsel from presenting the only remaining defense available to the defendant, not guilty by reason of insanity.
Louisiana Code of Criminal Procedure Article 561 states that the defendant has an absolute right to change his plea to Not Guilty and Not Guilty by Reason of Insanity within ten days of arraignment. The article goes on to state, “Thereafter, the court may, for good cause shown, allow such a change of plea at any time before the commencement of trial.” In this case, more than one year had elapsed from the date of arraignment when the Motion to Amend was filed. At the hearing, the trial judge denied the Motion to Amend solely on the ground of “timeliness,” and did not specifically rule on whether the defendant had shown “good cause” to amend the plea.
The majority correctly notes that the hearing on the Motion to Amend was filed only a- few days before the then scheduled trial date and several months after defendant received the sanity commission report. The majority also noted that in denying the Motion to Amend, the trial judge did refer to the reports of the 'experts, both of whom expressed an opinion that the defendant did know “right from wrong” at'the time of the commission of the offense.
However, it is clear from the record that counsel did not file the Motion to Amend as a “delay tactic” or to achieve a “tactical advantage.” I respectfully disagree with the majority’s conclusion that, “Although this ultimate issue may have been appropriately left for the factfinder if the request to amend plea had been filed shortly after the sanity commission reports were submitted, the defendant’s | .¡delay in filing this motion increased his burden of proving good cause” (Emphasis added.)
• Louisiana Code of Criminal Procedure Article 561 does not provide for a “heightened burden” when the Motion to Amend is filed shortly before trial.. To the contrary, La.Code Crim.P. art. 561 provides, in pertinent part, “the court may, for good cause shown, allow such a plea at any time before commencement of trial.” (Emphasis added.)
In State v. Taylor, 254 La. 1051, 229 So.2d 95 (1970), and State v. Delpit, 341 So.2d 876 (La.1977), the supreme court reversed convictions based on the trial court’s wrongful denial of the defendant’s Motion to Amend Plea filed on the day of trial. See also State v. Mercer, 564 So.2d 783 (La.App. 2 Cir.1990).
It is significant to note that even though the defendant’s Motion to Amend was filed shortly before his then scheduled trial date, there was a pending defense Motion *240 to Quash scheduled for hearing that same day alleging that the felon in possession .statute, La.R.S. 14:95.1, was unconstitutional. The trial judge, the State, .and defense counsel knew that the case of State v. Draughter, 13-914 (La.12/10/13), 130 So.3d 855, which would decide the constitutional issue, was pending before the Louisiana Supreme. Court. The trial judge granted a continuance of the trial, with no strong objection from the State, on the very grounds that Draughter was pending before the supreme court, and it would be prudent to wait for a supreme court ruling on the constitutionality of the felon in possession statute before 'trying this defendant on that charge. In fact, this case was not rescheduled for trial for almost one year following the hearing on the Motion to Amend. Therefore, it Cannot seriously be argued that the defendant filed the Motion to Amend as a dilatory tactic or in order to obtain a tactical advantage. 14The “timeliness” of the motion should not have been a deciding factor, as this case was not going to trial until after Draughter was decided.
Again, the trial judge denied the Motion to Amend strictly on the “timeliness” issue and his reasons for ruling did not discuss “good cause.”
Louisiana Constitution Article 1, Section 16, is pertinent to a decision in this case and states, in pertinent part, “An accuséd is entitled to confront and cross examine the witnesses against him, to compel the attendance of witnesses, to present a defense, and to testify in his own- behalf.” The' trial court’s ruling,- in effect, denied the defendant his constitutional right to cross examine the medical experts on the issue of his sanity at the time of the eom-mission of the offense, to call witnesses on his own behalf, and, perhaps, to testify on that issue, and hence deprived the defendant of his only realistic available defense, Not Guilty by Reason of Insanity.[1] I would find that, based on all the circumstances of this case, the trial court abused its discretion by denying the defendant an opportunity to amend his plea and put on a defense.
' CONCLUSION
This mentally ill defendant tvas walking on a public street with a “hoodie” when Stopped by the police. He was a convicted felon and did have a gun on. his- person, which he promptly admitted to the officer on initial questioning. However, the record confirms that defendant has severe mental health issues. He should be allowed to amend his plea so as to put the issue of sanity at the time of the commission of the offense-before the jury and exercise his constitutional right to present a defense.
|SI would reverse the conviction and sentence, order the trial judge to allow the defendant to change his plea to Not Guilty and Not Guilty by Reason of Insanity, and remand for a new trial. In light of my position on reversal on this issue, a discussion of the remaining assignment of error is pretermitted.