# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                          NEWS RELEASE #050

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **18th day of October, 2017**, are as follows:

**PER CURIAM**:

2016-K -0043          STATE OF LOUISIANA v. CALVIN LOUIS NOEL, III AKA - CALVIN NOEL
                      (Parish of Lafayette)

                      We agree with the court of appeal that defendant produced an
                      indicia of insanity and we further agree with Judge Conery that
                      the district court erred in finding good cause was not shown
                      because defendant was engaging in a dilatory tactic. Accordingly,
                      we reverse the court of appeal, vacate the conviction and
                      sentence, and remand for a new trial.
                      REVERSED AND REMANDED

                      GUIDRY, J., dissents.

SUPREME COURT OF LOUISIANA

No. 16-K-0043

STATE OF LOUISIANA

VERSUS

CALVIN LOUIS NOEL, III
AKA CALVIN NOEL

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL
THIRD CIRCUIT, PARISH OF LAFAYETTE

PER CURIAM

On March 22, 2011, a Lafayette police officer, who was investigating a possible car burglary, stopped defendant, who was walking down the middle of the road. As the officer patted him down, defendant told him that he "had a gun in his hip." The officer determined from his computerized database system that defendant had prior felony convictions so he confiscated the gun and arrested him for being a felon in possession of a firearm.

Defendant was charged by bill of information with possession of a firearm by a person convicted of certain felonies, La.R.S. 14:95.1. He pleaded not guilty. Pursuant to defendant's pretrial motion, a sanity commission was appointed on January 13, 2013, to determine his competency to proceed as well as offer an opinion as to his sanity at the time of the offense.

The two members of the sanity commission agreed that defendant was competent despite his chronic paranoid schizophrenia. They noted his history of repeated psychiatric hospitalizations and his paranoia, grandiosity, and impulsivity. They also noted his tattoos (which included "insane" on his right hand and "crazy"

on his left) and that he was presently experiencing auditory hallucinations directing him to "do bad stuff." They recommended psychiatric treatment. Nonetheless, they also found that defendant understood his rights, the proceedings, and the nature of the charge against him, although one doctor expressed concern that defendant's current mental condition may interfere with his ability to assist counsel in his defense. They also opined that defendant's mental illness did not cause him to commit the crime and that he appreciated the difference between right and wrong at the time of the offense. On May 23, 2013, the trial court found defendant competent to proceed based on these findings.

On October 17, 2013, 11 days before the scheduled trial date, defendant filed a motion to amend his plea to not guilty and not guilty by reason of insanity. At the same time, defendant filed a motion to quash the bill of information based on the unconstitutionality of La.R.S. 14:95.1. The trial court denied the motion to amend the plea stating that it was filed too close to the trial date and noting that both members of the sanity commission had opined that defendant was sane at the time of the offense. However, the trial court also stayed the proceedings because review of the constitutionality of La.R.S. 14:95.1 was pending in this court in another case.

Defendant's trial ultimately commenced about a year later on September 2, 2014. A Lafayette Parish jury found defendant guilty as charged. The trial court sentenced defendant to 15 years imprisonment at hard labor without parole eligibility and fined him $2,500.

The court of appeal affirmed defendant's conviction and sentence in a split panel decision. *State v. Noel*, 15-0617 (La. App. 3 Cir. 12/9/15), 181 So.3d 223. The panel agreed that defendant's schizophrenia and history of psychiatric hospitalizations provided "an indicia of insanity," i.e. an evidentiary basis for a

2

change in the plea. The majority, however, found that the motion to amend the plea was filed too close to the scheduled trial date (and too long after the sanity commission findings on which the motion relied). Therefore, "[c]onsidering the heightened burden that exists the closer to trial a request to amend the plea is made," the majority found that "the trial court did not err in finding no good cause and denying defendant's request to amend his plea." *Noel*, 15-0617, pp. 24–25, 181 So.3d at 238.

Judge Conery dissented from the majority's finding that there was not good cause to allow defendant to amend his plea. The dissent found it "clear from the record that counsel did not file the Moton to Amend as a 'delay tactic' or to achieve a 'tactical advantage.'" *Noel*, 15-0617, p. 3, 181 So.3d at 239. Judge Conery also would have evaluated the motion to amend the plea in the broader context of the nearly one-year-long delay while waiting until the constitutionality of La.R.S. 14:95.1 was settled. Therefore, according to Judge Conery, "[t]he 'timeliness' of the motion should not have been a deciding factor, as this case was not going to trial until after [the constitutional question was resolved]." *Noel*, 15-0617, p. 4, 181 So.3d at 240. Because refusing to permit defendant to amend his plea "deprived the defendant of his only realistic available defense," Judge Conery would have found that "the trial court abused its discretion by denying the defendant an opportunity to amend his plea and put on a defense." *Id.* We agree.

> Louisiana Code of Criminal Procedure article 561 provides:
>
> The defendant may withdraw a plea of "not guilty" and enter a plea of "not guilty and not guilty by reason of insanity," within ten days after arraignment. Thereafter, the court may, for good cause shown, allow such a change of plea at any time before the commencement of the trial.

This court summarized the jurisprudence applying that article in *State v. Miller*, 05-1826 (La. 6/29/07), 964 So.2d 911. Notably, that jurisprudence includes *State v.*

*Taylor*, 254 La. 1051, 229 So.2d 95 (1970) and *State v. Delpit*, 341 So.2d 876 (La. 1977), in which this court reversed convictions because district courts had not permitted defendants to amend their pleas despite imminent trials. This court observed that "in neither *Taylor* nor *Delpit* did this court suggest that the defense was required to make a threshold demonstration that the defendant's history of mental illness manifested itself at the time of the offense in order for the trial court to grant the motion to change the plea to include not guilty by reason of insanity." *Miller*, 05-1826, p. 19, 964 So.2d at 922 (footnote omitted). To the extent the district court found the question of good cause settled by the opinions of the sanity commission physicians that defendant was not insane at the time of the offense—while ignoring his extensive psychiatric history—the district court erred. *See Miller*, 05-1826, p. 20, 964 So.2d at 923 ("Although an indicia of insanity at the time of the offense may be a relevant consideration, such cannot be the sole determinative factor in deciding whether a defendant may change his plea pursuant to Article 561. The language of Article 561 does not obligate the defendant to prove his insanity at the time of the offense to change his plea. Further, the defense of insanity at the time of the offense is ultimately an affirmative defense which must be decided by the factfinder at trial. LSA-C.Cr.P. art. 652.").

We need not determine here, however, whether defendant's motion to amend the plea, which was filed 11 days before the scheduled trial date, came too late. While it is "the intent of the article . . . to prevent the defendant from filing a last minute change of plea so as to gain a strategical and tactical advantage," *Miller*, 05-1826, p. 20, 964 So.2d at 923, no such strategy or tactic is apparent under the circumstances here. Pending at the same time as defendant's motion to amend the plea was a motion to quash based on the unconstitutionality of La.R.S. 14:95.1, which all parties appeared to agree necessitated suspending further

4

proceedings until the constitutional question could be resolved. So while "defendant's burden of showing good cause for a change of plea logically increases each day that his trial date nears," *Miller*, 05-1826, p. 20, 964 So.2d at 923, the trial court's decision to continue the matter pending a long appellate review process removed any likelihood that defendant was engaging in a dilatory tactic. The "'good cause' of Article 561 is shown when the defendant produces an indicia of insanity and shows the plea is not changed as a dilatory tactic to achieve a strategic advantage." *Miller*, 05-1826, p. 21, 964 So.2d at 923. We agree with the court of appeal that defendant produced an indicia of insanity and we further agree with Judge Conery that the district court erred in finding good cause was not shown because defendant was engaging in a dilatory tactic. Accordingly, we reverse the court of appeal, vacate the conviction and sentence, and remand for a new trial.

**REVERSED AND REMANDED**

**SUPREME COURT OF LOUISIANA**

**No. 2016-K-0043**

**STATE OF LOUISIANA**

**VERSUS**

**CALVIN LOUIS NOEL, III**
**AKA - CALVIN NOEL**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,**

**THIRD CIRCUIT, PARISH OF LAFAYETTE**

**Guidry, J., dissents.**