SOMMERVILLE, J.
Defendant was charged with shooting with intent to kill and murder. He was convicted of shooting with intent to kill, and he has appealed from the verdict and sentence.
Appellant depends upon two bills of exceptions, wherein it is shown that the judge made a remark affecting the credibility of one of defendant’s witnesses; and upon the refusal of the judge to permit defendant to offer in evidence the written admission made by the district attorney on the trial of a motion for a continuance, as to what certain absent witnesses would testify to, if they were present on the trial of the cause.
[1] It appears from the bill of exceptions and the per curiam of the judge that defendant produced a witness, who said that he could not speak English, and who asked to be questioned in French; and that the judge remarked, in the presence of the jury:
“If he (referring to the witness) was at the end of his rope he could speak English.”
It is not clear what the judge meant by the remark made by him; but it is certain that he reflected on the credibility of the witness, and that he had no right to do so. The remark made was prejudicial to the accused, and the case will be remanded for a new trial. The judge should not comment on the credibility of a witness or on the evidence in the course of the trial of a criminal case. These are matters entirely within the province of the jury, and not of the judge.
[2] The other bill of exceptions is taken to the ruling of the court in excluding from the jury the admission by the district attorney that a certain absent witness would, if present, testify in a certain way.
The law provides:
“That in all criminal cases, whenever either the state or the defendant asks for a continuance on the ground of the absence of an important or material witness, the other shall be entitled to an immediate trial on admitting that if said * * * witness were present, that he would testify as stated in the affidavit made for a continuance, but in no case shall either the state or defendant be required in order to get a trial to admit that the statements made in the affidavit * * . * are true.” Act 84 of 1894, p. 117.
The district attorney states:
“The admission was made on the affidavit of accused that he had no other witness by whom he could prove the fact set out in the motion for a continuance, and counsel for defendant stated in open court that this was a fact. Accused regularly called as a witness in his behalf one Philogene Cole, who was present at the scene of the difficulty and testified to the fact set out in the motion for a continuance. The evidence of the absent witness- was purely cumulative. To hold that under the circumstances the evidence should have been admitted would have the effect of allowing an accused to perpetrate a fraud upon the court.”
And the court, in its per curiam, says:
“The statement of the district attorney is correct. Other witnesses offered by the defendant testified to the fact set out in the motion for a continuance. The rule otherwise would be to put the state at the mercy of the defendant in the matter of continuances.”
The motion for a continuance made by the defendant, based on the absence of two material witnesses, contains a synopsis of the evidence which the two witnesses would swear to respectively; and the evidence is shown to be material. After having agreed *1089 to admit the testimony of the absent witnesses, if the trial should be proceeded with, the district attorney should not have objected to the reading of the statement to the jury. In the ease of State v. Washington, 136 La. 855, 67 South. 930, the court say:
“The prosecuting attorney has no right to withdraw his admission after the evidence is all in.”
It may be, as stated by the district judge, that the evidence was cumulative, and other witnesses had testified to the same thing. This very cumulation of witnesses and evidence may have been sufficient to have altered the verdict in this ease. The jurors are the sole and exclusive judges of the sufficiency of the evidence pertaining to the guilt or innocence of the accused and the judge cannot pass upon it.
In the case of State of Louisiana v. Joe Glover, recently decided, 140 La. 726, 73 South. 843, the court held, on the trial of a motion for a new trial on the ground of newly discovered evidence where such evidence did not appear to be incredible to the trial judge, and where it was shown toibe material and important to the main issue in the case:
“The trial judge was not justified in refusing the new trial, either because the evidence was cumulative or because he did not believe that it would have had sufficient weight to have produced a different verdict if it had been heard by the jury.”
And, in this case, the trial judge was not justified in refusing to permit the evidence referred to, which the district attorney had previously agreed should be admitted, to go to the jury.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and that this case be remanded to the district court to be there regularly proceeded with.