UNITED STATES of America

v.

James B. ANTON, a/k/a Steve Savage, Dr. Thomas Donovan and Mike Nameth.

**Appeal of James B. ANTON.**

No. 78–1996.

United States Court of Appeals, Third Circuit.

Argued March 26, 1979.

Decided April 20, 1979.

Thomas J. Elliott, Samuel R. Simon (argued), Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for appellant.

Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, Appellate Div., James J. Rohn, Alfred A. Gollatz (argued), Asst. U. S. Attys., for appellee.

Before GARTH and HIGGINBOTHAM, Circuit Judges and SCHWARTZ, District Judge.*

## OPINION OF THE COURT

GARTH, Circuit Judge.

The question presented on this appeal is whether the district court judge may state in his charge to the jury that he regarded the defendant "as devoid of credibility" and that he "did not believe [the defendant's testimony] absolutely and in all respects." We hold that inclusion of this statement in the charge deprived the defendant of his right to have questions of credibility decided by a jury. *United States v. Gaines*, 450 F.2d 186, 189 (3d Cir. 1971), *cert. denied*, 405 U.S. 927, 92 S.Ct. 978, 30 L.Ed.2d 801 (1972).

I

The defendant, James Anton, was charged in a fifteen-count indictment with use of the mails in furtherance of a fraudulent scheme. 18 U.S.C. § 1341 (1976). The government alleged that Anton and Carl Budde (who pled guilty prior to trial) had formed the Neumann Canonization Committee. The government further alleged that, in letters and telephone calls soliciting funds for this organization, Anton and Budde (or persons acting under their supervision) represented that the funds were for the Archdiocese of Philadelphia or the Roman Catholic Church, when in fact neither organization had authorized the solicitation.

At trial, Anton testified in his own behalf for approximately an hour and a half. The district court judge commented on that testimony in his charge to the jury:

The law of the United States permits the judge to comment to the jury on the evidence in the case. Such comments are only expressions of the judge's opinion as to the facts, and the jury may disregard them entirely, since the jurors are the sole judges of the facts.

The defendant testified without interruption. There was no question that his counsel asked of him that was not permitted of him to answer.

It is my recollection that his testimony absorbed approximately an hour and a half, and from that there was sufficient basis to assess his credibility.

*The Court—that is, the Trial Judge— regarded him as devoid of credibility, and I do not believe James Anton absolutely*

* Honorable Murray M. Schwartz, United States District Judge for the District of Delaware, sitting by designation.

*and in all respects*; however, you, as the jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves and the comment of mine is only the expression of my opinion.

During the course of a trial I occasionally ask questions of a witness in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the matters to which my questions may have related. Remember at all times that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts. (emphasis supplied).

Both before and after these comments, the district court judge carefully instructed the jurors that they were the sole arbiters of the witnesses' credibility and that they were free to disregard his views.

After the charge had been given, the defendant made an objection at sidebar:

I take an exception to the charge insofar as the comments on the credibility of the defendant and state further that the prejudicial effect of this part of the charge is a basis for the motion for the withdrawal of a juror, and I make that motion.

The motion for withdrawal of a juror (mistrial) was denied.

The jury returned a verdict of guilty as to thirteen of the counts. The defendant then moved for entry of a judgment of acquittal and for a new trial. The motions were denied. Anton was sentenced to three years of probation on each count, the sentences to run concurrently. Anton has appealed from this judgment.

## II

The only error raised by the defendant on this appeal pertains to the district court's statement in its charge that it regarded the defendant as "devoid of credibility" and that it did not believe him "absolutely and in all respects." Anton contends that these statements deprived him of his right to have questions of credibility decided by a jury.[1]

Both parties agree that the standard under which we must decide this question was established by the Supreme Court in *Quercia v. United States*, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1963):

In charging the jury, the trial judge is not limited to instructions of an abstract sort. It is within his province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which he thinks important; and he may express his opinion upon the facts, provided he makes it clear to the jury that all matters of fact are submitted to their determination.

■ We have previously held in *United States v. Kravitz*, 281 F.2d 581 (3d Cir. 1960), that a district court judge may inform the jury that he did not believe a witness "absolutely and in all respects."[2] Whatever may be the continued vitality of *Kravitz*, it is at least clear from the charge in that case (which is reproduced in part as an appendix to this opinion), that the import of the judge's comment was that "he did not believe all of [the witnesses'] testimony but thought that on the whole it was acceptable."[3] Even this limited comment on a witness's credibility should seldom be made and then only with caution because of the overriding influence that a judge's views may have on the jurors. Furthermore, there is always the possibility that a juror may infer that a witness who was untruthful in one respect was not truthful in others.[4]

---

1. *See United States v. Gaines*, 450 F.2d 186, 189 (3d Cir. 1971), *cert. denied*, 405 U.S. 927, 92 S.Ct. 978, 30 L.Ed.2d 801 (1972).

2. *United States v. Kravitz*, 281 F.2d 581, 584–85 & n.4 (3d Cir. 1960).

3. *Id.* at 584.

4. A customary charge instructs the jury that:
   If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

■ Here, the district court judge went beyond the limited comment on credibility as was approved in *Kravitz*. The district court judge stated that the defendant's testimony was completely lacking in credibility. In *United States v. Gaines*, we discussed the limitations on the court's power to comment on the evidence:

> Unquestionably, any comment by a trial judge concerning the evidence or witnesses may influence a jury considerably, and emphatic or overbearing remarks particularly may be accepted as controlling, thus depriving a defendant of his right to have questions of fact and credibility determined by the jury. If the judge exercises restraint in his comments, however, *and* makes it clear in his charge that the jury remains the sole determiner of credibility and fact, he has not overstepped the permissible limits of comment. (emphasis supplied).[5]

Here, we are not able to say that the district court judge presiding at Anton's trial exercised the degree of restraint which we believe is required when a judge comments on the defendant's credibility, particularly where, as in this case, the defendant's credibility was central to his defense. In such a situation, a strongly worded comment by the court questioning the defendant's credibility may well overbear the jury's ability to make independent fact findings. We observe that in *Gaines*, this court did not accept the defendant's argument that the judge's comments went over the line, but we took care to distinguish *Stevens v. United States*, 306 F.2d 834 (5 Cir. 1962) as a case involving different considerations:

> In *Stevens v. United States*, the District Judge stated during both the trial and in his instructions that the testimony of a witness under oath was not to be believed. As in *Billeci, supra*, [*Billeci v. U. S.*, 87 U.S.App.D.C. 274, 184 F.2d 394] the

appellate court held that such a comment constituted an invasion of the province of the jury, and therefore, prejudicial error.

With respect to the present case, the comments of the trial judge were far from the flat statement of disbelief of the testimony of the witness found in *Stevens*.[6]

Here, by contrast, we are dealing with a "flat statement of disbelief of the testimony of the witness," a practice which we believe usurps the role of the jury—at least where that witness is the defendant.

Anton's credibility was an important issue at his trial. The defense called only two witnesses, Anton himself and a character witness. Anton's testimony was that he formed the Neumann Canonization Committee to raise funds for an organization opposed to abortion. He also testified that he never misrepresented the purpose of the solicitation, nor did he permit his employees to do so. Thus Anton's testimony was relevant to the question of whether he had engaged in a scheme to defraud, one of the elements necessary for a conviction under the mail fraud statute. *See United States v. Dreer*, 457 F.2d 31, 33 (3d Cir. 1972).

Not only was Anton's testimony vital to his defense, but the issue of his credibility was highlighted by the nature of the prosecution's evidence. The government called as witnesses thirteen Roman Catholic priests who had been solicited by the Neumann Canonization Committee. The effect of their testimony on the jurors may have been accentuated by two statements which the court made in its charge. As we have observed, the district court judge stated that he did not regard the defendant as a credible witness. By contrast, the district court judge commented favorably, if not as forcefully, on his impression of the demeanor which the priests exhibited as government witnesses:

---

E. Devitt & C. Blackmar, *Fed. Jury Practice and Instructions* § 17.08 (3d ed. 1977). When this charge is given in conjunction with even the *Kravitz* comment on a witness's credibility, it comes dangerously close to invading the jury's function as sole determiner of the facts.

5. *United States v. Gaines, supra* at 189.

6. *Id.* at 192.

So that you gauge these people. You have seen them on the stand.

This is just a modest aside: It was very interesting, I think, probably to all of us, these priests coming from all over the United States, and one of the features that maybe you remember is the different accents, the man, the priest from Pocatello, the priest from Chicago, the one from down in Maryland, the man from Alabama, and it is just like maybe just a modest illustration, if you fly, say, down the east coast of Pennsylvania and you hear the accents of the control-tower operators, the man or lady in Maine is a little different than the man or lady in Massachusetts; you come down through Pennsylvania—you go down through the South—and it was interesting, and I am sure that these people that came in—you had an opportunity to assess them, these fathers and different other people. You gauged them. You looked at them. You saw the way they talked.

*How do they impress you as telling the truth, whether you get a whole proliferation of words, rambling, incoherent statements?*

*No, not from them.* (emphasis supplied).

In *Quercia*, the Supreme Court was aware of the need for limitations on the judge's power to comment on the evidence. It stated that "[h]is privilege of comment in order to give appropriate assistance to the jury is too important to be left without safeguards against abuses".[7] There are few occasions on which these safeguards will be more important than where the judge has expressed an opinion regarding the credibility of the defendant. In this respect, the facts of *Quercia* are enlightening. There, the district court in charging the jury stated:

And now I am going to tell you what I think of the defendant's testimony. You may have noticed, Mr. Foreman and gentlemen, that he wiped his hands during his testimony. It is rather a curious thing, but that is almost always an indication of lying. Why it should be so we don't know, but that is the fact. I think that every single word that man said, except when he agreed with the Government's testimony, was a lie.

Now, that opinion is an opinion of evidence and is not binding on you, and if you don't agree with it, it is your duty to find him not guilty.

The Supreme Court concluded that a new trial was required:

He did not review the evidence to assist the jury in reaching the truth, but in a sweeping denunciation repudiated as a lie all that the accused had said in his own behalf which conflicted with the statements of the Government's witnesses. This was error and we cannot doubt that it was highly prejudicial.[8]

The government urges that we hold that the district court's charge as a whole was proper, because the court instructed the jurors that they were not bound by the court's comments and should make their own assessment of Anton's credibility. We cannot agree that this instruction was sufficient to overcome the effect on the jurors of the judge's strongly worded statement that Anton was devoid of credibility. Where a court has expressed its opinion on a pivotal issue in the case, and has expressed that opinion in a strong, unequivocal and one-sided fashion, abstract instructions regarding the jury's role as fact finder are not a sufficient remedy. *See United States v. Porter*, 386 F.2d 270, 276 (6th Cir. 1967); *United States v. Chibbaro*, 361 F.2d 365, 378–79 (3d Cir. 1966). In *Gaines*, we said that a judge who chooses to comment on the evidence must "exercise restraint in his comments" *and* he also must make it clear to the jurors that they are not bound by the judge's opinions.[9] The district court judge in this case did indeed instruct the jurors regarding their role as fact-finders, but he did not exercise the restraint in

---

7. 289 U.S. at 470, 53 S.Ct. at 699.

8. *Id.* at 472, 53 S.Ct. at 700.

9. 450 F.2d at 189.

his comments which is necessary to safeguard a defendant's right to trial by jury.

The judgment will be reversed.

## APPENDIX

The relevant portions of the charge in *United States v. Kravitz* are as follows:

" 'While, the weight and credit to be given to the testimony of a witness is a province of the jury, it is also proper for the court to make such observations regarding the witnesses and their credibility as the court may feel the circumstances of each particular case may require. Such observations by the court are not to impinge upon the rights of the jury or to usurp its functions in weighing the evidence but are limited solely to the duty of assisting the jury in its deliberations. I specifically reiterate that if your recollection is different than mine it is your recollection that controls, and if your observation of the witness leads you to a different conclusion than mine, you are the final judges of the weight and credibility of the evidence.

"There has been considerable comment regarding the credibility of the witness Joseph Abrams. Let me say quite frankly to you that I do not believe Joseph Abrams absolutely and in all respects. In the Court's estimation it would be difficult for any man to get on the witness stand and be absolutely correct regarding what happened back in 1951, especially when it involves the multifarious transactions surrounding these events, hundreds of thousands of dollars, fictitious invoices, fictitious bank accounts, millions of dollars of bonds. It is easy to see how a mistake would be made. When you couple that with the admission on the part of Abrams that he still has criminal and civil tax problems to face in the future, one has some difficulty in accepting his entire story as gospel in all respects.

"However, in view of all the other testimony and evidence I say quite frankly to you, members of this jury, that in the main I believe the testimony of Abrams as credible. The only recollection that the Court has of Abrams's testimony being at variance with the truth, as I see the truth in the matter, is that in his testimony, that he did not sign the name Joe Haber on the signature card, Exhibit G-54, the account in the name of Model Clothes in the Royal Industrial Bank, when it appears from the stipulation of the handwriting expert that he did.

"Is this sufficient to disregard his testimony altogether regarding this scheme and the various parts the defendants played in it? That is for your judgment.

"And, just as I have informed you of my reactions regarding the credibility of the testimony of Abrams, I think it proper also to point out to you my beliefs regarding the testimony entered in the record here of Herman Kravitz before the Grand Jury in New York. I do not believe that testimony in all respects and for the same reasons. Kravitz knew then that he had criminal and civil tax problems to face in the future the same as Abrams had and has.

"Let me point out to you the exhibit which is a jeopardy assessment notice against Kravin Park Clothes in the amount of $1,252,077, dated November 1, 1956. Let me further remind you that Herman Kravitz was indicted, as you can see from the indictments which you will take into the jury room with you, on March 13, 1958, and that he plead [sic] not guilty to those indictments in this court, according to the records of the court, on June 20, 1958. This was prior to the testimony of Kravitz in New York on June 24 and June 30, 1958. So that it is completely possible that Herman Kravitz had an eye to the future at that time and was putting his best foot forward.

"I again remind you that it is not the Court's intention or function to usurp your duties or rights in determining what weight and credit shall be given to the witnesses and again I admonish you that if your belief in this regard is different than mine, then it is your belief that controls.' "