WILLIAMS, Judge.
This is an appeal from a jury verdict finding defendant, Hancel G. Reddick, a/k/a Hancel G. Buras, guilty of aggrava *1188 ted kidnapping, in violation of La.R.S. 14:44. Defendant bases this appeal on two assignments of error.
FACTS:
Sixteen-year old Calvin Joseph Buras [Joe] was in his front yard on the afternoon of December 3, 1980, shooting rats near the chicken pen, when an automobile drove up. When Joe approached the automobile, defendant and his brother, both wearing ski-masks, pulled a gun on the boy and forced him into the car. Joe was then handcuffed, blindfolded, and placed in the trunk of the vehicle. Joe spent the next two days either handcuffed to a beam inside a closet in defendant’s apartment, or blindfolded and handcuffed in the trunk of an automobile.
Defendant made a series of phone calls to the victim’s parents, threatening to kill their son if $400,000.00 ransom were not delivered. At one point, defendant said he would cut off Joe’s arm and deliver it to the boy’s parents if they did not come up with the ransom money more quickly.
At about 2:00 p.m. on December 5th, officers responding to a suspicious vehicle complaint stopped the defendant’s vehicle. Hearing a knocking sound coming from the trunk, the officers opened it up and discovered Joe handcuffed and blindfolded. Defendant was placed under arrest.
On January 19, 1981, defendant was indicted by a grand jury for aggravated kidnapping. He pleaded not guilty and not guilty by reason of insanity. After a trial by jury, defendant was unanimously found guilty and was sentenced to mandatory life imprisonment without benefit of parole, probation, or suspension of sentence.
ASSIGNMENT OF ERROR NO. 1
Defendant contends that the lower court erred in refusing to issue a subpoena duces tecum ordering the production of information concerning the Succession of Hubert Buras.
Defendant testified that he believed his father, evidently the first cousin of the victim’s father, was not receiving oil royalties that were due him from the succession, whereas the victim’s father was. The entire kidnapping scheme, defendant alleges, was carried out only to glean information from the victim’s parents concerning the succession. Defendant argues that the essential elements of aggravated kidnapping were not met because he wanted information, but not money. He also contends that the existence of a blood relationship between himself and the victim is evidence that defendant had no desire to harm the victim, but rather was merely investigating a “family matter.”
The decision whether to issue a subpoena duces tecum rests within the discretion of the trial judge. La.C.Cr.P. art. 732. The lower court’s refusal to grant the subpoena was not an abuse of discretion because the consanguinity of the parties and the existence of the succession were not necessary to establish the essential elements of the crime.
La.R.S. 14:44. provides in pertinent part:
Aggravated kidnapping is the doing of any of the following with the intent thereby to force the victim, or some other person, to give up anything of apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender’s actual or apparent control:
(1) The forcible seizing and carrying of any person from one place to another. ..
Defendant’s argument on appeal is that because he had no intent to harm the victim, the elements of aggravated kidnapping were not established.
The intent need not be to obtain money but can be to gain “any advantage” or to gain “anything of apparent or prospective value.” According to the definitional statute of the Criminal Code, “ ‘Anything of value’ must be given the broadest possible construction.... It must be construed in the broad popular sense of the phrase, not necessarily synonymous with the traditional legal term ‘property.’ ” La.R.S. 14:2(2).
The jury obviously determined that it was unlikely that defendant intended only to look into possible succession property due his father. The victim’s father was only *1189 one of 25 possible heirs. He testified that he knew nothing of any oil royalties due him from the Hubert Buras Succession. Certainly there would be methods for obtaining such legal information more simple than taking the son of some possible heir at gunpoint, locking him up, and threatening his mutilation or murder should his parents not deliver a huge sum of money.
Even assuming defendant’s tenuous argument were true, he would still possess the intent required by statute. He intended to force information concerning the succession from the victim’s parents. This was certainly an “advantage,” or something of “apparent present or prospective value.” The subpoena of the succession information, therefore, could not have exculpated defendant of the crime charged.
Defendant also contends that the fact that the victim is his relative (third cousin) would prove that he had no intent to harm the victim. On appeal defendant argues that the refusal to subpoena the information which would prove this relationship deprived him of a defense.
Intent to harm the victim, however, is not one of the elements of the crime of aggravated kidnapping. Even had defendant obtained the genealogical information demonstrating the relationship and succeeded with his argument, it would have been completely irrelevant.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2:
Defendant contends that he filed a motion to appoint a sanity commission at his indictment on January 19, 1981, and that the court did not appoint the commission until August, 1982.
Defendant asserts that a sanity commission should have been appointed, of right, within thirty days of the filing of a motion. He contends that he filed a motion to appoint a sanity commission on January 19, 1981, and that the nineteen month delay until the court’s appointment of a commission in August, 1982, prejudiced him and denied him “due process rights.”
There is no evidence in the record demonstrating that defendant filed a motion to appoint a sanity commission on January 19, 1981. Mention of his filing such a motion does not appear in the record until March 23, 1982, when the court informed defendant that a sanity hearing was fixed for April 12, 1982.
Article 650 of the Code, of Criminal Procedure reads:
When a defendant enters a combined plea of “not guilty and not guilty by reason of insanity,” the court may appoint a sanity commission as provided in Article 644 to make an examination as to the defendant’s mental condition at the time of the offense. The court may also order the commission to make an examination as to the defendant’s present mental capacity to proceed. Mental examinations and reports under this article shall be conducted and filed in conformity with Articles 644 through 646. (Emphasis added).
A defendant is not entitled of right to an examination and evaluation of his sanity at the time of an offense. State v. Taylor, 347 So.2d 172 (La.1977). Because the law presumes sanity, a mental examination is in order only when the court “has reasonable grounds to doubt defendant’s mental capacity to proceed.” La.C.Cr.P. Art. 643.
Defendant erroneously alleges that he was entitled to the hearing thirty days after moving for one. Again, it is not enough that the defense has filed a motion arguing the defense, but there must be sufficient evidence to raise a reasonable doubt as to such capacity. State v. Clark, 367 So.2d 311 (La.1979). The thirty day period to which defendant refers is the time allowed for filing of the sanity commission’s report after the ordering of the appointment of that commission by the court, and not the mere presentation of a motion by a party. La.C.Cr.P. Art. 645. This time limitation is the only one imposed by the Code for the conduct of the examination, the fixing of the hearing, or the determination of defendant’s mental condition. It must be noted in addition, however, that the article provides that “[t]he time for filing may *1190 be extended by the court.” If the defendant cannot prove prejudice, any error which occurs because of a delay will be deemed technical, insubstantial, and harmless. State v. Vincent, 338 So.2d 1376 (La.1976).
Defendant failed to prove prejudice. The psychiatrists conducting the sanity examination were questioned in depth by defense counsel regarding the effect of the delay upon the outcome of the examination. They admitted that an examination conducted soon after a crime would generally be more reliable. Both psychiatrists stated unequivocally, however, their expert opinion that the defendant was neither insane at the present time, nor during the commission of the crime, based upon the skillful orchestration of the complex series of events surrounding the crime, and the finding of sanity at the time of the examination.
The appointment of a sanity commission to inquire into the mental condition of the accused is addressed to the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. State v. Johnson, 249 La. 950, 192 So.2d 135 (1966), cert. den. 388 U.S. 923, 87 S.Ct. 2144, 18 L.Ed.2d 1374 (1967); State v. Nix, La., 327 So.2d 301, cert. den. 425 U.S. 954, 96 S.Ct. 1732, 48 L.Ed.2d 198 (1976); State v. Wilkerson, 403 So.2d 652 (La.1981). Whatever delay passed before defendant’s mental examination, there was no prejudice to defendant indicating such an abuse of discretion.
This assignment of error is without merit.
For the foregoing reasons defendant’s sentence and conviction are affirmed.
AFFIRMED.