487 So.2d 514 (1986)
STATE of Louisiana
v.
Michael WHITICAR.
No. KA-4297.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
*515 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., New Orleans, for appellee.
Martin E. Regan, Jr., New Orleans, for appellant.
Before GULOTTA, SCHOTT and BARRY, JJ.
GULOTTA, Judge.
Defendant appeals his conviction for second degree battery, a violation of LSA-R.S. 14:34.1, for the shooting of his supervisor during an altercation at their place of employment. We affirm the conviction and sentence.
On March 5, 1984, Michael Whiticar, a welder with Argus Technical Systems in New Orleans, argued with his supervisor Joseph Edwards, upon learning that he was about to be transferred to a new jobsite. After they exchanged words, Whiticar obtained a .38 caliber pistol and a sawed off shotgun from his truck and fired two shots, wounding Edwards in the buttocks. Whiticar left the scene but later turned himself in to the police.
Whiticar was charged with aggravated battery, but a jury found him guilty of *516 second degree battery. Having previously pled guilty to aggravated battery in 1981, he was sentenced as a multiple offender to ten years in prison with credit for time served.
Appealing, defendant raises five assignments of error.

MENTAL CAPACITY
In his first assignment of error, defendant contends the trial judge erred when he denied his motion to change defendant's "not guilty" plea to a plea of "not guilty and not guilty by reason of insanity" and refused to appoint a sanity commission to examine his mental condition both at the time of the alleged offense and the time of trial.
LSA-C.Cr.P. Art. 561 provides the court may allow a defendant to withdraw a plea of "not guilty" and enter a plea of "not guilty and not guilty by reason of insanity" for good cause shown. "Good cause" within the meaning of this statute has been found where evidence indicated a defendant was suffering from a mental disorder such as schizophrenia or was undergoing psychiatric treatment. State v. Taylor, 254 La. 1051, 229 So.2d 95 (1970); State v. Delpit, 341 So.2d 876 (La.1977). Similarly, LSA-C.Cr.P. Art. 643, which provides for a mental examination of a defendant to determine his mental capacity to stand trial, states that the court shall order a mental examination when it has "reasonable ground to doubt the defendant's mental capacity to proceed". The ordering of the examination rests in the sound discretion of the court and there must be sufficient evidence to raise a reasonable doubt of the defendant's capacity. State v. Charles, 450 So.2d 1287 (La.1984); State v. Buras, 439 So.2d 1187 (La.App. 4th Cir. 1983).
In the instant case, we find no abuse of the trial judge's discretion in refusing to permit a change of plea or to order a medical examination. Although defense counsel alleged in his application that defendant has extreme difficulty in expressing himself, that defendant's family had expressed a belief that defendant suffered from mental problems, that defendant had difficulty in remembering the events surrounding his arrest, and that his mind wandered during interviews with his attorney, defendant failed to produce evidence in support of these allegations.
At a hearing on the defense motion, defendant simply testified that ten years earlier, in 1974, when he was 14 or 15 years old, he had seen a psychiatrist several times because his mother was having "trouble" with him. Four years prior to trial, he had also undergone "rehabilitation" treatment at the mental hospital in Mandeville for an unspecified condition. In response to questioning, defendant stated that he knew the difference between right and wrong and understood that he was presently charged with a crime. After denying the defense motion, the trial judge later noted during jury selection that defendant had discussed the acceptance or rejection of each juror with his counsel, which indicated to the judge that the defendant was obviously of very sound mind.
Under these circumstances, we cannot say the trial judge erred in refusing to permit defendant to change his plea or to undergo a mental examination. This assignment lacks merit.

VOIR DIRE EXAMINATION
Defendant further argues that the State improperly referred to attempted murder while defining the crime of aggravated battery during voir dire. The following excerpts from the voir dire examination are pertinent:
"By Mr. Williams [prosecutor]: An aggravated battery is using force or violence against someone while armed with a dangerous weapon. Like, say, for example, you take somebody and hit them with a baseball bat, or you stab them with a knife, or you shoot them with a gun. That's an aggravated battery. That's force or violence against another person while armed with a dangerous weapon.

*517 "Now, you may think that, well, you know, if you try to shoot somebody, why isn't that attempted murder. Now, there is a difference between the two. In an attempted murder case, the State has to prove...."
Thereupon, the defense counsel objected on the grounds that the district attorney was going into an irrelevant area because defendant had not been charged with murder or attempt to commit murder in this particular case. The prosecutor then responded that he was merely trying to explain the difference between the two crimes and that the defendant was not charged with attempted murder. The trial judge overruled the objection.
Although it does appear that the prosecutor's reference to attempted murder was improper, we reject defendant's argument that the comments prejudiced him in the minds of the prospective jurors. The prosecutor did not suggest that the defendant had been treated leniently by being charged with the crime of aggravated battery instead of attempted murder and did not indicate that the jury should relax its scrutiny of the State's burden of proof.
The scope of voir dire lies in the sound discretion of the trial judge, and his ruling will not be disturbed in the absence of a clear abuse of discretion. LSA-C.Cr.P. Art. 786: State v. Perry, 420 So.2d 139 (La.1982), cert. denied 461 U.S. 961, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983); State v. Chevalier, 458 So.2d 507 (La.App. 4th Cir. 1984). Under these circumstances, we cannot say the trial judge abused his discretion in overruling the defense objection to the prosecutor's comments. Furthermore, the defendant's prompt objection, even though overruled, curtailed the prosecutor's comments and there is no indication (except on voir dire) in the record that the prosecutor discussed attempted murder any further. The error, if any, was harmless.
This assignment is without merit.

SELF DEFENSE
In his third and fourth assignments of error, defendant complains the trial court erroneously sustained the State's objections to defense questions about the victim's prior use of a firearm on the job that were critical in supporting the defendant's theory of self defense.
According to defendant's version of the incident, the victim Edwards always carried a gun and had threatened employees on the job before. Defendant testified that after Edwards cursed him and ran to his truck to look for his gun, defendant feared for his safety, armed himself, and shot Edwards after he failed to heed a warning shot.
During cross-examination of Edwards, defense counsel asked him if he had used his gun before to enforce the firing of other laborers after arguing with them. The prosecutor objected to the question as irrelevant and the trial court sustained the objection. Later, during the defense's cross-examination of the vice president of Argus Technical Systems concerning Edwards's temper with his employees, defense counsel asked the witness if Edwards previously had arguments and scuffles with his employees. Again, the trial court sustained the prosecutor's objection on grounds of relevancy.
We reject defendant's contention that the trial judge's rulings denied him a fair trial. The cross-examination curtailed by the trial judge would not have added anything to the record in support of defendant's theory of self defense. Before cross, Edwards had admitted that he had a .32 caliber pistol in his truck but denied threatening people with it or pointing it at anybody. Although the trial judge curtailed questioning of the company officer about Edwards' arguments or scuffles with other employees, this witness had previously stated that he had never seen Edwards pull a gun on an employee and he observed that Edwards's temper was no worse than that of most people in the high pressure construction business. Furthermore, two other coworkers of defendant both testified that they had never seen Edwards pull a gun on anybody at work.
*518 Although evidence of prior threats made by victim of homicide is relevant in a case involving self defense in order to show that the victim was the aggressor and that the defendant's apprehension of danger was reasonable, there must be evidence of hostile demonstration or overt act on the part of the victim to make such evidence admissible. LSA-R.S. 15:482; State v. Green, 335 So.2d 430 (La. 1976); State v. Lee, 331 So.2d 455 (La. 1975); State v. Chaisson, 425 So.2d 745 (La.1983). In the instant case, despite extensive questioning of the witnesses, there was no evidence of the victim's overt act or hostile demonstration. The evidence, simply put, was that an argument occurred and defendant went to his truck to get a gun because he believed the victim carried a gun, had threatened employees, and had gone to his truck for a gun. The sustaining of the objections complained of, even if erroneous, was harmless where the defendant's questions were repetitive and would have adduced only cumulative denial testimony by the victim and others.

IMPROPER COMMENT BY PROSECUTOR
In his last assignment of error, defendant argues the trial judge erred in denying an objection to an improper comment by the prosecutor during cross examination of the defendant.
In the course of questioning about his prior offense, defendant testified that he had pled guilty to aggravated battery in 1981 in order to get out of jail, and not because he was guilty of the crime charged. After defendant testified that pleading guilty had resulted in probation instead of imprisonment which involved staying "in the hold", the prosecutor remarked: "Well, don't you think you belong in the hold for trying to kill a man?" After defense counsel objected to this remark, and despite the trial judge's overruling the objection, the question was neither pursued, rephrased, nor answered. According to defendant, the prosecutor's irrelevant remark prejudiced the jury and denied him a fair trial.
Although we conclude that the prosecutor's remark was improper, we cannot say that it was so prejudicial as to warrant a reversal. In the context of the entire trial transcript, the comment is brief and apparently was not pursued by the prosecutor in further questioning. Under these circumstances, we conclude that it is not reversible error. This assignment is without merit.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.