PER CURIAM:
We granted certiorari to consider whether the trial judge deprived relator of a fundamentally fair trial by remarking in the presence of the jury that relator had perjured himself during the taking of his prior guilty plea to aggravated battery and that his lawyer, who also represented him in this case, had suborned that perjury. We agree with relator that the judge’s remarks deprived him of a fair opportunity to present his defense and now reverse.
Relator was charged by bill of information with aggravated battery in violation of La.R.S. 14:34. After trial by jury, he was found guilty of second degree battery. La. R.S. 14:34.1. The trial court sentenced him to ten (10) years at hard labor as a second offender under La.R.S. 15:529.1. The Fourth Circuit affirmed the conviction and sentence on appeal. State v. Whiticar, 487 So.2d 514 (La.App. 4th Cir.1986). Thereafter, relator sought post-conviction relief on grounds that the trial judge had abandoned his role as an independent and neutral arbiter and prejudiced his defense by various remarks calculated to undercut the credibility of his testimony that he shot the victim, his supervisor at work, in self-defense during a heated argument over job assignments. In particular, relator focused on an exchange triggered by his testimony that he had previously pleaded guilty to another charge of aggravated battery only to secure his release from jail on a suspended sentence. The prosecutor, who carefully established that the same attorney represented him in both cases, immediately suggested that if relator were telling the truth at trial about his prior guilty plea, then he had lied on that occasion by admitting to a crime he did not actually commit.
State: And, did [the judge] tell you, Mr. Whiticar, that you, sir, are pleading guilty because you are guilty? And, you answered yes to that, didn’t you?
Defendant: Yeah.
Defense: Excuse me. Your Honor, I would object to that. You have to say that to plead guilty, whether or not you’re guilty or not, because they won’t accept a guilty plea. Counsel knows that. And that’s totally an improper question.
The Court: Certainly, it’s improper conduct on the part of a defendant.
State: So, you committed perjury, didn’t you?
The Court: And, the lawyer who’ll tell him to do it.
Essential to the concept of a fair trial is the requirement of complete neutrality on the part of the presiding judge. State v. Johnson, 438 So.2d 1091 (La.1983). Remarks by a trial judge that the defendant has lied in his testimony are “of a sort most likely to remain firmly lodged in the memory of the jury and to excite a prejudice which would preclude a fair and dispassionate consideration of the evidence.” Quercia v. United States, 289 U.S. 466, 472, 53 S.Ct. 698, 700, 77 L.Ed. 1321, 1326 (1963); see also, United States v. Beaty, 722 F.2d 1090 (3rd Cir.1983); United States v. Anton, 597 F.2d 371 (3rd. Cir.1979); State v. Ballou, 140 La. 1086, 74 So. 562 (1917). The trial court’s characterization of relator and his counsel in this case as perjurers was also likely to remain lodged in the memory of the jurors while they deliberated over the conflict between the accounts of the shooting given by the victim and relator, the only eyewitnesses on the scene. An admission of guilt is not an essential prerequisite to a valid guilty plea in Louisiana, State v. Martin, 382 So.2d 933 (La.1980), and neither counsel nor relator had acted improperly by participating in an otherwise knowing and voluntary guilty plea to an offense that relator maintained he did not commit. See, North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
Accordingly, relator’s conviction for second degree battery is reversed and this case is remanded to the trial court for all proceedings not inconsistent with this opinion.