*295 OPINION OF THE COURT
NYGAARD, Circuit Judge.
I.
Appellant Gregory Williams was convicted by a jury of first degree murder' and related charges involving assault and illegal use of weapons. Judge I’ve Arelington Swan presided and Williams was sentenced to life in prison without parole.
Williams appealed his conviction to the District Court for the Virgin Islands. His appeal was heard by a three-judge panel of that court’s appellate division (Judges Gomez, Finch and Steele[1]). He challenged the sufficiency' of the evidence and argued that comments made by the trial judge deprived him of a fair trial. The District Court affirmed Williams’ conviction and he has timely appealed. Because we conclude that the trial judge’s comments so infected the trial, and his attempts at a curative instruction were too little, too late, and could not purge the injustice, we will reverse and remand for a new trial.
II.
We have held that “no person [may] be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him.” Wang v. Attorney General, 423 F.3d 260, 269 (3d Cir.2005) (quoting Marshall v. Jerrico, Inc., 446 U.S. 238, 242, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980)). That assurance is absent — and judicial conduct improper— whenever a judge appears biased, even if he actually is not biased. See In re Antar (SEC v. Antar), 71 F.3d 97, 101 (3d Cir. 1995). Public confidence in the judicial system turns on “the appearance of neutrality and impartiality in the administration of justice.” LaSalle Nat’l Bank v. First Conn. Holding Gr., LLC XXIII, 287 F.3d 279, 292 (3d Cir.2002). Thus, even if the trial judge here was not actually biased — and we do not speculate as to his state of mind — the “mere appearance of bias” on his part “could still diminish the stature” of the judicial process he represents. See Clemmons v. Wolfe, 377 F.3d 322, 327 (3d Cir.2004). In other words, “justice must satisfy the appearance of justice.” Offutt v. United States, 348 U.S. 11, 13, 75 S.Ct. 11, 99 L.Ed. 11 (1954); see also Peters v. Kiff, 407 U.S. 493, 502, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972). On this record, such an appearance was not satisfied.
III.
The bias of the trial judge here centers on comments he made during the cross examination of a prosecution witness. Raymond Smith was an eyewitness to the murder. He had given a statement to the police describing the perpetrator as “[h]e was like five ten, like 150 to 170, had on a black, black and white plaid shirt and he had a low haircut.” Smith also admitted at trial that he had been smoking marijuana before his encounter. He testified that “the weed does — don’t affect you mentally — it just give you a natural high.” He also acknowledged that he saw the gunman for a “split second” and then never saw him again.
When defense counsel attempted to challenge Smith’s ability to identify Williams given the fact that he was enjoying his “natural high,” counsel was admonished by the trial judge who made the following comment in the presence of the *296 jury, and while sustaining an objection by the prosecution:
But get to the — get to the perception. Because I’ll tell you something. There’s a lot of people I does smell that they be smoking, smoking thing, as you pass the cars, and they’re better drivers than a lot of these other people on the road that just can’t drive.
Judge Swan continued with additional commentary:
So, my policies might be different from all the other judges. But, then again, I have been here longer than all the other judges. I’m the most senior associate judge so I don’t — I have been doing this for a long time and nobody has ever found fault with it. So I don’t follow the young folks. I go with my own policy. I’ve been around longer than all of them. Three of them put together don’t have as much years as I have. So, I have my own policy.
In United States v. Olgin, 745 F.2d 263 (3d Cir.1984), we set out the appropriate analysis for courts to use in assessing the propriety of a trial judge’s comments before the jury. We explained that “[tjhere is no bright line separating remarks that are appropriate from remarks that may unduly influence a jury”. Id. at 268-69. This analysis requires a balancing of the following four factors: (1) the materiality of the comment, (2) its emphatic or overbearing nature, (3) the efficacy of any curative instruction, and (4) the prejudicial effect of the comment in light of the jury instruction as a whole. Id.
A. Materiality
Here, the trial judge’s comments occurred during the cross-examination of Raymond Smith. Defense counsel asked Smith whether he had been smoking marijuana before the shooting. Raymond Smith replied in the affirmative. The prosecutor objected on grounds of relevancy. Defense counsel responded that Raymond Smith’s testimony about whether he had been smoking marijuana was relevant to show his ability to perceive the shooting. The trial judge sustained the objection, explaining his ruling with the aforementioned comments, in the presence of the jury.
We have no difficulty finding his comments material. The trial judge’s comments not only improperly bolstered a witness’s testimony, but impacted directly on the presentation of Williams’ defense. Defense counsel attempted to discredit Smith’s testimony by pointing to Smith’s own admission that he was high on marijuana when he saw the gunman. We have no doubt that the trial judge’s statement could be viewed by the jury as vouching for Smith’s testimony and supporting his ability to identify the gunman.
B. Emphatic and Overbearing Comments
In United States v. Gaines, we discussed the limitations on the court’s power to comment on the evidence:
Unquestionably, any comment by a trial judge concerning the evidence or witnesses may influence a jury considerably, and emphatic or overbearing remarks particularly may be accepted as controlling, thus depriving a defendant of his right to have questions of fact and credibility determined by the jury. If the judge exercises restraint in his comments, however, and makes it clear in his charge that the jury remains the sole determiner of credibility and fact, he has not overstepped the permissible limits of comment.
450 F.2d 186, 189 (3d Cir.1971). We conclude that the trial judge’s unsolicited opinion concerning the witness and the use of marijuana was made in an overbearing *297 or emphatic manner. First, the trial judge made this comment while sustaining the prosecutor’s objection:
[DEFENSE ATTORNEY]: Your eyes get red when you’re smoking weed?
[RAYMOND SMITH]: Yes.
Q: Does it affect your ability to move?
A: No, sir.
Q: Can you — do you drive a car?
A: Yes, sir.
Q: Can you drive a car the same when you’re not on weed as when you’re on weed?
[PROSECUTOR]: Objection, Your Hon- or. They don’t have an expert.
[DEFENSE ATTORNEY]: I’m trying to see how it affects him.
THE COURT: But get to the — get to the perception. Because I’ll tell you something. There’s a lot of people I does smell that they be smoking, smoking thing, as you pass the cars, and they’re better drivers than a lot of these other people on the road that just can’t drive.
This comment took place while the trial judge was ruling on an' objection. The judge spoke emphatically (“But, let me tell you something ...”) in sustaining the prosecutor’s objection, and in so doing, came very close to implicitly dismissing an important part of the defense’s case in the eyes of the jury. Second, in attempting to impress the jury with his reputation as a jurist, the trial judge’s further comments touting his trial experience and longevity is overbearing and compounded the error. Such extemporaneous commentary by the trial judge deprived Williams of his right to have questions of fact and credibility determined by the jury.
C. Efficacy of any Curative Instruction
The trial judge made an attempt to cure the error by an instruction to the jury. He said:
Anything that I have said in terms of marijuana, that is — I’m going to order that stricken from the record. What that means is that in your consideration of this ease, you’re not to consider anything whatsoever that I mentioned about marijuana. Only what the witnesses said from the witness stand.
Given our previous findings of the materiality and forcefulness of the trial judge’s statements, we do not find his instruction sufficient to mitigate any prejudice against Williams. First, the trial court’s instruction was not given at the time of the objection, or even in close proximity thereto. Second, the trial court’s curative instruction was too vague in that it only told the jurors to “disregard anything I have said in terms of marijuana.”
D. Totality of the Instruction
The true impact of the trial courts’s statement was that it supported the testimony of a prosecution eyewitness to the murder — an eyewitness the defense was attempting to challenge as unreliable. The trial judge further compounded the difficulty presented by this comment when he emphasized his experience and judicial superiority over the other members of the bench who, presumably, would not have said what he said regarding the use of marijuana. Given the permeating and prejudicial nature of the trial judge’s comments, we .find this to be one of those cases where “the trial judge’s comments are so out of bounds that no cautionary instruction to the jury could remove their prejudicial effect.” Olgin, 745 F.2d at 268-69.
*298 E. Balancing the Comments against the need for reversal
We conclude that the scales tip sharply in favor of reversing Williams’ conviction and remanding this matter for a new trial.
IV.
The trial judge’s comments here deprived Williams of a fair trial. We will reverse his conviction and sentence and remand this case for a new trial.

. The Honorable Patricia D. Steele, Judge of the Superior Court, Division of Saint Croix, sitting by designation.